# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

RUDOLPH FALCIANI, )
)
Plaintiff, )
)
v. )
) C.A. No. N18C-03-199 CLS
ELIZABETH V. ZINSZER, )
SHERREE J. BEDELL, and )
STEPHEN ZINSZER, )
)
Defendants. )

Date Submitted: December 5, 2019
Date Decided: December 9, 2019

*Upon Plaintiff Rudolph Falciani's Motion for Reargument*
**Denied.**

Douglas A. Shachtman, Esquire, The Shachtman Law Firm, Wilmington, Delaware, Attorney for Plaintiff.

Donald L. Gouge, Jr., Esquire, Donald L. Gouge, Jr. LLC, Wilmington, Delaware, Attorney for Defendants.

**SCOTT, J.**

1

Before the Court is Plaintiff Rudolph Falciani's Motion for Reargument brought pursuant to Superior Court Rule of Civil Procedure 59(e). For the following reasons, Plaintiff's motion is DENIED.

## Background

On October 29, 2019, this Court issued a Decision after Bench Trial in the matter of Rudolph Falciani ("Plaintiff") vs. Elizabeth Zinszer, Sherree J. Bedell, and Stephen Zinszer ("Defendants"). The Court issued a verdict partially for Plaintiff and partially for Defendants,[1] finding that Plaintiff breached an oral contract for the sale of land located at 34282 Central Avenue, Frankford, Delaware ("Property").[2] Despite his breach, Plaintiff was awarded $30,000 of his $188,000 deposit as part of the Court's effort to avoid creating a windfall favoring Defendants.[3]

## Parties' Assertions

Plaintiff filed a motion for reargument on November 5, 2019. Plaintiff argues that this Court's finding with respect to Defendants' expectation interest was materially incomplete and that this Court failed to address Plaintiff's argument that Defendants failed to prove or mitigate their damages. Plaintiff contends that he is entitled to the full refund of his deposit because of Defendants' alleged failure to prove or mitigate damages.

---

[1] *Falciani v. Zinszer*, 2019 WL 5588757 (Del. Super. Oct. 29, 2019).
[2] *Id.* at *5.
[3] *Id.* at *6.

2

Defendants filed their Response in Opposition to Plaintiff's Motion for Re-Argument on December 5, 2019. Defendants argue that Plaintiff's motion rehashes Plaintiff's prior arguments and makes new arguments for the first time. Defendants explain that there was testimony before the Court about damages and about Ms. Zinzser's decision not to put the Property back on the market until the resolution of this lawsuit.

## Standard of Review

On a Motion for Reargument under Superior Court Rule of Civil Procedure 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[4] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[5] A Motion for Reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[6] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a change in the law,

---

[4] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) *aff'd*, 763 A.2d 90 (Del. 2000).
[5] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).
[6] *Kennedy*, 2006 WL 488590, at *1.

3

or manifest injustice."[7] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[8]

## Discussion

The duty to mitigate damages is inapplicable to the instant case. This case is not about the $375,000 price for the sale of the Property.[9] Indeed, this case has never been about that $375,000; instead, this case has only ever been about Plaintiff's $188,000 deposit. Plaintiff asked this Court to return to him the deposit money;[10] Defendants asked this Court to allow them to retain the deposit money.[11]

Unlike other cases where the duty to mitigate naturally plays a more prominent role, the duty to mitigate has no bearing on the instant case: an argument between two parties over who should obtain a *specific sum of money*. For example, this case is dissimilar to *West Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC* where the Court of Chancery determined the property's market value before

---

[7] *Brenner*, 2000 WL 972649, at *1.

[8] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017).

[9] Although this Court discussed Defendants' expectation interest in its Decision after Bench Trial, this discussion was in the context of how contract damages are "usually" awarded. *Falciani*, 2019 WL 5588757, at *6. This general discussion of the "usual damages" in contract cases was not the holding of this Court and should not be interpreted as such by the parties.

[10] Compl. ¶ 23; Pl.'s Combined Resp. to Defs.' Mot. for Summ. J. and Pl.'s Mot. for Partial Summ. J. 7, February 14, 2019; Pl.'s Post-Trial Proposed Findings of Fact 14–15.

[11] Defs.' Am. Answer, Affirmative Defenses and Countercl. to Pl.'s Compl. ¶ 47; Defs.' Post-Trial Proposed Findings of Fact and Conclusions of Law ¶ 19

4

finding that the plaintiff was not entitled to damages because it failed to mitigate.[12] The instant case also differs from the situation in *First State Exteriors, LLC v. Schweiger* where this Court found that the plaintiff's award of damages should not be limited by the duty to mitigate when the defendant failed to complete improvements to plaintiff's property.[13] Both *West Willow-Bay Court* and *Schweiger* involved damage amounts which were uncertain and subject to the Court's determination; the specific sum at issue here differentiates the instant case.

The Court finds that it has not overlooked a matter that would have changed the outcome of the instant case.[14] This case was about Plaintiff's deposit money rather than the entire purchase price for the sale of the Property. Therefore, the duty to mitigate does not apply to the instant case.

### Conclusion

For the forgoing reasons, Plaintiff's Motion for Reargument is **DENIED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[12] *West Willow-Bay Court, LLC v. Robino-Bay Court Plaza, LLC*, 2009 WL 458779, at *6–7 (Del. Ch. Feb. 23, 2009).

[13] *First State Exteriors, LLC v. Schweiger*, 2014 WL 595469, at *5, 7 (Del. Super. Jan. 23, 2014).

[14] *See Brenner*, 2000 WL 972649, at *1 ("On a motion for reargument the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.").